UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:00CR-88-H

UNITED STATES OF AMERICA PLAINTIFF

V.

GEORGE J. KOUFOS DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant George J. Koufos entered a plea agreement with the United States after being indicted on four counts of bank fraud. Koufos was sentenced on January 26, 2006 to one day of federal imprisonment, to run consecutively to prison time Koufos was then serving in the state system. He was also sentenced to five years of supervised release and an amount of restitution to be determined by a further order of the Court. In February 2007, the United States Probation Office moved to revoke Koufos' supervised release, on the grounds that he had failed to inform the his probation officer of a change in his residence. Koufos was arrested and returned to this district. This Court held a final revocation hearing on May 2, 2007, where it revoked Koufos' supervised released and sentenced him to one year and one day imprisonment, plus four years supervised release.

At that May 2 hearing, the United States raised the restitution issue that had not been addressed since the January 26, 2006 original sentencing hearing, a span of roughly sixteen months. The United States sought to impose a significant sum of restitution on Koufos. However, defendant's counsel objected on the basis of the language of a portion of the Mandatory Victim Restitution Act of 1996. That portion of the statute reads:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, *not to exceed 90 days after sentencing*. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order.

18 U.S.C. § 3664(d)(5) (emphasis added).

The question presented, then, is whether the language of section 3664(d)(5) forbids the Court from imposing restitution at this stage of the case. The United States points to two cases: *United States v. Vandeberg*, 210 F.3d 805 (6th Cir. 2000) and *United States v. Zakhary*, 357 F.3d 186 (2d Cir. 2004). These cases say that to miss the ninety-day limit is not fatal to a restitution order, particularly where there is a reasonable excuse for the delay and where the defendant is not unfairly prejudiced. Though district courts may exercise its discretion to ignore the ninety-day limit, these cases do not bind the district court to disregard the ninety-day limit under all circumstances. Whether to do so remains in the Court's discretion and would not be required in most circumstances.

In *Vandeberg*, the district court ordered restitution roughly nine months after the original sentencing hearing. *Vandeberg*, 210 F.3d at 809. The defendant argued on appeal that the district court lacked the authority to order restitution under section 3664(d)(5). *Id.* at 812. The Sixth Circuit held that while section 3664(d)(5) "*does . . . require* the sentencing court to resolve the restitution question – including any objections a defendant may have – within 90 days of the sentencing hearing" and that for the district court to order restitution at such a late date was harmless error. *Id.* at 814. The error was harmless because "[a]lthough the District Court did not provide [the defendant] with an opportunity to be heard within 90 days of the sentencing

hearing, the court provided him ample opportunity to object to the amount thereafter." *Id.* The court went on to state that if the ninety-day limit in section 3664(d)(5) were read as terminating the district court's jurisdiction altogether ninety days after the sentencing hearing, the "60 day" clause of the statute would be effectively nullified. *Id.*

In *Zakhary*, the defendant appealed the amount of restitution ordered by the district court. *Zakhary*, 357 F.3d at 187. The government conceded that the restitution order was invalid, but the parties disputed whether, on remand, the district court could identify "further victims or their losses" as part of as revised restitution order. *Id.* at 188. The defendant argued that such procedure would be barred by section 3664(d)(5). The Second Circuit disagreed, holding that forbidding the district court to expand its restitution order would frustrate the purpose of section 3664(d)(5). The court held that "the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather it is to protect crime victims from the willful dissipation of defendants' assets." *Id.* at 191 (citations omitted). The court went on to note that it had ruled "that a district court's failure to determine identifiable victims' losses within ninety days after sentencing, as prescribed by § 3664(d)(5), will be deemed harmless error to the defendant unless he can show actual error from the omission." *Id.* (citing *United States v. Stevens,* 211 F.3d 1, 5 (2d Cir. 2000). The Second Circuit ruled that "[a]bsent a defendant's clear showing that his substantial rights have been prejudiced by a § 3664(d)(5) delay, it would, in fact, defeat the statutory purpose to allow a defendant 'to invoke this provision in order to avoid paying restitution to the victims of his crime.'" *Zakhary*, 357 F.3d at 192-93 (citing *United States v. Catoggio,* 326 F.3d 323, 330 (2d Cir. 2003)).

These cases do not stand for the proposition that the Court must ignore the ninety-day rule in the statute. Both the Sixth and Second Circuits have ruled that in each instance to ignore the section 3664(d)(5) ninety-day limit would be harmless error. Simply because doing so would constitute harmless error, however, does not mandate or even encourage district courts to ignore the time limit. More correctly, the Court may exercise its discretion to ignore the ninety-day rule whenever doing so would not prejudice Defendant's substantial rights.

Here a number of factors suggest that the Court is not required to ignore the ninety-day limit and, indeed, should not exercise its discretion to ignore the ninety-day limit. First, the United States did not miss the deadline by just a few days. The United States delayed its request for restitution by one year or so, depending when it notified Defendant of its renewed intention to seek restitution. Second, there is no good excuse for the delay. The victim, for some reason, seemed either unconcerned about restitution or unable to obtain the necessary information. The former Assistant United States Attorney appears to have simply dropped the entire matter. Thus, the fault lies entirely with the victim and the United States, leaving these two on shaky ground when seeking equitable relief from a statute. Third, alternative remedies are available to the victim of Koufos' fraud: either the United States or the victim itself may file a civil suit, seeking damages in the amount the government could have recovered via restitution. Finally, the error for Defendant is not so harmless should the United States be allowed to reopen the issue of restitution some twelve months after the issue appeared foreclosed by the statute. The best policy is to complete all sentencing issues at one time, unless good reason to delay exists and there is no harm by the delay.

For all these reasons, the Court will decline to exercise the discretion that *Vandeberg*

affords in these circumstances. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the request of the United States to reopening sentencing for the purpose of adding restitution is DENIED.

IT IS FURTHER ORDERED that the hearing previously set for **June 5, 2007**, is CANCELLED.

June 4, 2007

John G. Heyburn II
Chief Judge, U.S. District Court

cc: Counsel of Record